UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                         :
YAN PING XU,                             :
                          Plaintiff,     :
                                         :      08 Civ. 11339 (DLC)
            -v-                          :
                                         :           OPINION
THE CITY OF NEW YORK s/h/a THE NEW YORK  :          AND ORDER
CITY DEPARTMENT OF HEALTH AND MENTAL     :
HYGIENE, DR. JANE R. ZUCKER, DENNIS J.   :
KING, BRENDA M. MCINTYRE,                :
                          Defendants.    :
                                         :
----------------------------------------X

Appearances:

For the plaintiff:
Yan Ping Xu, pro se
12 Mallar Avenue
Bay Shore, NY 11706

For defendants Jane R. Zucker and Dennis J. King:
Bertrand Madsen
United States Attorney's Office
86 Chambers Street, 5th Floor
New York, NY 10007

DENISE COTE, District Judge:

      In this action, the pro se plaintiff Yan Ping Xu ("Xu") has

alleged employment discrimination and violations of her

constitutional rights by a city agency, a city employee, and two

federal employees who were her supervisors at the city agency.

The federal employees, Jane R. Zucker ("Zucker") and Dennis J.

King ("King," and together, "Federal Defendants") have filed a

motion to dismiss the claims against them on the grounds that

there is no subject matter jurisdiction and that the plaintiff's

claims are precluded by collateral estoppel and res judicata.
For the following reasons, the motion is granted.

BACKGROUND

Xu, a United States citizen of Chinese origin, was hired by the New York City Department of Health and Mental Hygiene ("DOHMH") on June 4, 2007, to do data analysis and maintain computer databases.  King was Xu's supervisor at DOHMH, and Zucker was King's supervisor.  It is undisputed that both King and Zucker are employees of the federal Department of Health and Human Services ("HHS").  In late February and early March 2008, Xu complained to King about having her daily tasks directed by a colleague with the same level of seniority; she also brought to King's attention alleged data discrepancies in a DOHMH survey. Despite Xu's expression of concern about the survey's accuracy, DOHMH included the survey data in a report it sent to the Centers for Disease Control and Prevention ("CDC").  After a negative performance evaluation, Xu's employment was terminated on March 13, 2008.

On July 14, 2008, Xu commenced an Article 78 proceeding[1] in New York Supreme Court, alleging that she was fired in retaliation for speaking out about the data errors in violation of the state whistleblower statute, New York Civil Service Law

---

[1] An action pursuant to N.Y. C.P.L.R. Art. 78 is the means by which individuals may challenge actions taken by state or local agencies and officials.

§ 75-b, and that her firing was procedurally improper.  On
January 29, 2009, the Hon. Paul G. Feinman issued a decision
dismissing Xu's Article 78 petition "on its merits."  Judge
Feinman held that Xu failed to state a claim under § 75-b and
that Xu's petition challenging the propriety of her firing was
premature.  Xu appealed that decision on February 19, 2009.  The
appeal is pending.

On March 13, 2009, Xu filed a complaint in New York Supreme
Court against the City of New York and DOHMH (the "Plenary
Action").  In the Plenary Action, she alleged retaliation in
violation of § 75-b "and any related claims under NYS, NYC
statute, law and rules."  On October 14, the Hon. Eileen A.
Rakower dismissed Xu's § 75-b claim as barred by collateral
estoppel.  Judge Rakower also dismissed Xu's separate claim,
brought pursuant to the New York City Collective Bargaining Law,
for failure to state a claim.  Finally, Judge Rakower denied
Xu's request for leave to amend to add a New York City False
Claims Act allegation as futile.  The plaintiff has appealed the
October 14 decision.

Meanwhile, on December 30, 2008, Xu filed the complaint in
this action against the City of New York and DOHMH.  She filed
an amended complaint on March 10, 2009, and a second amended
complaint on May 6.  After the defendants filed a motion to
dismiss on June 4, the plaintiff was granted leave to file a

third amended complaint.  Xu filed the third amended complaint

on June 26, at which time she added three individual defendants

to the action.  All of the defendants answered on August 25,

2009.  On March 8, 2010, the Federal Defendants filed this

motion for judgment on the pleadings.  The motion was fully

submitted on May 14.

### DISCUSSION

The Federal Defendants have moved pursuant to Fed. R. Civ.

P. 12(c) to dismiss all of Xu's claims against them.[2]  Xu brings

two sets of claims.[3]  The first set consists of claims of

employment discrimination.  The second comprises claims that

allege retaliation for speech and violations of due process.

Each of these sets will be addressed in turn.

---

[2] The legal standard applicable to a Rule 12(c) motion for
judgment on the pleadings is the same standard that applies to a
Rule 12(b)(6) motion.  Bank of New York v. First Millennium,
Inc., 607 F.3d 905, 922 (2d Cir. 2010).  Where a Rule 12(c)
motion asserts that a court lacks subject matter jurisdiction,
the motion is governed by the same standard that applies to a
Rule 12(b)(1) motion.

[3] In the third amended complaint, Xu alleges violations of Title
VII, the First Amendment, and the Fourteenth Amendment.  The
complaint states that "Jurisdiction may also be appropriate
under 42 U.S.C. § 1981, 1983, and 1985(3) . . . and any related
claims under other U.S. and NYS Constitution, NYS, NYC laws,
such as whistle blowing activities, discrimination, collective
bargaining, civil rights statutes."  In deciding this motion,
the pro se complaint has been construed liberally in an effort
to consider all potential claims.

A. Employment Discrimination

Xu has alleged that King and Zucker discriminated against her in her employment on the basis of her national origin, race, color, and gender.  She is suing them in both their official and individual capacities[4] under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"); 42 U.S.C. §§ 1981, 1983, 1985(3); the Equal Protection Clause; and under New York State and New York City laws prohibiting employment discrimination.  The Federal Defendants have moved to dismiss all of Xu's employment discrimination claims on the grounds that Title VII provides the exclusive remedy for employment discrimination by federal employees, and that any Title VII claim brought by Xu against either of the Federal Defendants must be dismissed.

Title VII prohibits employment discrimination on the basis of race, color, religion, sex, or national origin.  Section 2000e-16 of that statute, which prohibits such discrimination in employment by the federal government, "provides the exclusive judicial remedy for claims of discrimination in federal employment."  Brown v. Gen. Servs. Admin., 425 U.S. 820, 835

---

[4] A suit against a person in his or her official capacity is "only another way of pleading an action against an entity of which an officer is an agent."  Hafer v. Melo, 502 U.S. 21, 25 (1991) (citation omitted).  Suits against a person in his or her personal or individual capacity seek to impose individual liability for actions taken under color of state law.  Id.

(1976) (emphasis supplied) (Title VII preempted claim under 42
U.S.C. § 1981); Rivera v. Heyman, 157 F.3d 101, 105 (2d Cir.
1998).  The exclusivity bar extends to suits brought against
federal employees under other federal statutes or under state
law, because otherwise the plaintiff would be able "to evade the
holding of Brown that Title VII provides the sole remedy for
federal employees alleging employment discrimination." Rivera,
157 F.3d at 105.

    Xu cannot maintain her claims of employment discrimination
against the Federal Defendants under any statute other than
Title VII.  While Brown and its progeny do not address the
precise situation at issue here, where a local government
employee is suing a supervisor who is a federal employee, the
rationale underlying Brown applies with equal force.  As
described in Brown, the comprehensive administrative and
statutory scheme created by Congress when it extended the United
States' waiver of sovereign immunity to suits brought by certain
federal employees under Title VII is intended to foreclose all
other suits against the federal government for employment
discrimination.  Brown, 425 U.S. at 832-34.

    Liberally construing the complaint as pleading Title VII
claims against the Federal Defendants in both their individual
and official capacities, any claim that Xu is bringing under
Title VII against the Federal Defendants in their official

capacities must be dismissed for lack of subject matter jurisdiction.  A suit against federal employees in their official capacities is "essentially a suit against the United States."  Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994).  "Absent an unequivocally expressed statutory waiver, the United States, its agencies, and its employees (when functioning in their official capacities) are immune from suit based on the principle of sovereign immunity." County of Suffolk v. Sebelius, 605 F.3d 135, 140 (2d Cir. 2010) (citation omitted).  Where the United States is immune from suit, a court lacks jurisdiction over that suit.  United States v. Mitchell, 445 U.S. 535, 538 (1980).  The waiver of sovereign immunity within Title VII provides that "employees or applicants for employment" in military departments, executive agencies, and other named divisions of the federal government "may file a civil action . . . in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant."  42 U.S.C. § 2000e-16(a), (c).  Pursuant to the terms of this statute, only an employee of a federal agency or other division of the federal government specified in § 2000e-16, or an applicant for such employment, may sue a federal employee in their official capacity, i.e., sue the United States.  See, e.g., Coles v. Harvey, 471 F. Supp. 2d 46, 50 (D.D.C. 2007).

It is undisputed that Xu was not an employee of the federal government or an applicant for federal employment at any time in connection with the claims she brings here.  Xu was employed by the DOHMH, a New York City agency.  Therefore, the Court lacks jurisdiction over any of Xu's claims brought under Title VII against King and Zucker in their official capacities.

Xu's Title VII claims against the Federal Defendants in their individual capacities must also be dismissed.  There is no individual liability under Title VII.  "[U]nder Title VII individual supervisors are not subject to liability."  <u>Mandell v. County of Suffolk</u>, 316 F.3d 368, 377 (2d Cir. 2003).  Because Xu cannot maintain a Title VII suit against the Federal Defendants, they are entitled to judgment on all claims of employment discrimination against them.[5]

B. <u>Remaining Claims</u>

Xu's remaining claims against the Federal Defendants, liberally construed, are a First Amendment retaliation claim, a Due Process Clause claim, and claims under state and local

---

[5] <u>Brown</u> rested its holding on Title VII's complex administrative scheme for resolving and initiating employment discrimination claims by federal employees.  <u>Brown</u>, 425 U.S. at 832-34.  As a local government employee, Xu did not have access to those procedures.  But, the dismissal of Xu's Title VII claim against her federal employee supervisors does not leave Xu without a remedy for any Title VII claim she may have.  Title VII permits an employee to bring an employment discrimination claim against her employer, and Xu has pleaded such a claim in this lawsuit against DOHMH.

collective bargaining and retaliation statutes.  The Federal
Defendants have moved to dismiss the remainder of Xu's claims on
the ground that she is precluded from litigating issues that
were resolved against her or claims that could have been
litigated in her two state court proceedings.

The law of the jurisdiction in which the earlier actions
took place governs the principles of claim and issue preclusion.[6]
Xu's Article 78 proceeding and her Plenary Action were filed in
New York state courts.  Thus, New York's preclusion law
determines whether Xu's state actions bar litigation of the
remaining claims in the present action.  Giannone v. York Tape &
Label, Inc., 548 F.3d 191, 192-93 (2d Cir. 2008).  Both issue
and claim preclusion are implicated by the present motion.

Under New York law, issue preclusion, which is often called
collateral estoppel, applies to preclude subsequent litigation
when an issue was (1) "necessarily decided in the first action,"
Beechwood Restorative Care Ctr. v. Leeds, 436 F.3d 147, 152 (2d
Cir. 2006) (citation omitted), (2) "is decisive in the later
action," id., and (3) "the party against whom the doctrine is
asserted had a full and fair opportunity to litigate the issue
in the first proceeding," Vargas v. City of New York, 377 F.3d
200, 206 (2d Cir. 2004) (citation omitted), "whether or not the

---

[6] The Supreme Court recently has clarified the terminology
applicable to the preclusion doctrines.  Taylor v. Sturgell, 553
U.S. 880, ___ & n.5, 128 S. Ct. 2161, 2171 & n.5 (2008).

tribunals or causes of action are the same." LaFleur v. Whitman, 300 F.3d 256, 271 (2d Cir. 2002) (citation omitted). Litigation of individual issues necessarily decided in an Article 78 proceeding may be precluded by collateral estoppel in subsequent actions. Ruiz v. New York State Div. of Parole, 894 N.Y.S.2d 582, 583 (App. Div. 3d Dep't 2010).

In the complaint in this action, Xu has alleged that King and Zucker violated § 75-b of the New York Civil Service Law by firing her in retaliation for her speaking out about the inaccuracy of the survey data. Xu made the same claim in the Article 78 proceeding and in the Plenary Action. In the Article 78 proceeding, the judge explained that a § 75-b claim "must allege that the employee disclosed to a governmental body information regarding a violation of a law, rule, or regulation, the violation of which creates and presents a substantial and specific danger to the public health or safety." (Citation omitted). Xu failed to state a claim under this statute because: "The alleged wrongdoing that she uncovered was done by King, her supervisor, and although she approached him with her accusatory findings, this did not sufficiently disclose to the agency that the wrong data were being used nor provide it time to correct the error." Additionally, Xu failed to establish that the violation created a substantial or specific danger. Through these conclusions, the state court necessarily decided

two issues essential to Xu's § 75-b claim against her:  the
disclosure to a "governmental body," and the existence of a
"substantial and specific danger."  Those determinations bar
Xu's pursuit of a § 75-b claim in this lawsuit since she has not
demonstrated that she was not given a full and fair opportunity
to litigate these two issues.

Claim preclusion, which is often called <u>res judicata</u>, bars
relitigation in a later lawsuit of claims that a plaintiff did
bring or could have brought in her earlier lawsuit.  Under New
York law,

> the doctrine of <u>res judicata</u>, or claim
> preclusion, provides that a final judgment
> on the merits of an action precludes the
> parties from relitigating issues that were
> or could have been raised in that action.
> If a valid and final judgment has been
> entered on the merits of a case, the claim
> extinguished includes all rights of the
> plaintiff to remedies against the defendant
> with respect to all or any part of the
> transaction, or series of connected
> transactions, out of which the action arose.

<u>Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.</u>, 600 F.3d
190, 195-96 (2d Cir. 2010) (citation omitted).  Subsequent
litigation of related claims is precluded "even if based upon
different theories or if seeking a different remedy." <u>Giannone</u>,
548 F.3d at 194 (citation omitted).  Moreover, <u>res judicata</u> bars
successive litigation not only by the parties to the underlying
litigation, but also by those in privity with the parties.

People v. Applied Card Sys., Inc., 894 N.E.2d 1, 12 (N.Y. 2008).
"Generally, to establish privity the connection between the
parties must be such that the interests of the nonparty can be
said to have been represented in the prior proceeding." Green
v. Santa Fe Indus., Inc., 514 N.E.2d 105, 108 (N.Y. 1987); see
also Taylor, 553 U.S. at ___, 128 S. Ct. at 2172-73.

As supervisors of DOHMH employees, King and Zucker are in
privity with DOHMH, the defendant in the Plenary Action.
Taylor, 553 U.S. at __, 128 S. Ct. at 2172 (non-party preclusion
may be justified on the basis of pre-existing legal
relationships); Ruiz v. Comm'r of Dept. of Transp., 858 F.2d
898, 903 (2d Cir. 1988) (finding privity under New York law
because a non-party's "interests are represented by a party to
the action"); Restatement (Second) of Judgments § 51
(relationships resulting in vicarious liability, such as agency
relationships, are legal relationships providing grounds for
preclusion).  The Federal Defendants may therefore invoke claim
preclusion against Xu premised on the Plenary Action.

Xu's remaining claims asserting retaliation, deprivation of
due process, and violation of the collective bargaining statute
arise from the same transactions on which the claims in the
Plenary Action were based, i.e., the circumstances surrounding
the termination of Xu's employment.  The Plenary Action resulted
in a final judgment on the merits.  Because Xu could have raised

all of the claims remaining in this action in her Plenary
Action, the doctrine of claim preclusion bars litigation of the
remaining claims here.

Xu makes principally three arguments that claim preclusion
and issue preclusion do not bar the claims in this action.  None
of them is persuasive.  First, Xu argues that because she has
appealed from the decisions in both the Article 78 proceeding
and the Plenary Action, those judgments are not "final" and
cannot preclude further litigation.  Xu is mistaken.  Under New
York law, "the pendency of an appeal from [a] judgment does not
alter the finality or enforceability of that judgment." Aaron
v. Aaron, 2 A.D.3d 942, 944 (App. Div. 3d Dep't 2003).  A
judgment on appeal may serve as the basis for both claim
preclusion, Petrella v. Siegel, 843 F.2d 87, 90 (2d Cir. 1988),
and issue preclusion, DiSorbo v. Hoy, 343 F.3d 172, 183 (2d Cir.
2003).

Second, Xu argues that claim preclusion does not bar her
claims because the state court decisions were not "on the
merits."  N.Y. C.P.L.R. 5013 explains that "[a] judgment
dismissing a cause of action before the close of the proponent's
evidence is not a dismissal on the merits unless it specifies
otherwise . . . ."  N.Y. C.P.L.R. 5013.  But, "CPLR 5013 does
not require that the prior judgment contain the precise words
'on the merits' in order to be given res judicata effect; it

suffices that it appears from the judgment that the dismissal was on the merits." QFI, Inc. v. Shirley, 874 N.Y.S.2d 238, 239 (App Div. 2d Dep't 2009) (citation omitted).  A determination that a claim is collaterally estopped is a determination on the merits.  See Conte v. City of New York, 741 N.Y.S.2d 403, 404 (App. Div. 1st Dep't 2002) ("[T]he issues of res judicata, collateral estoppel and the statute of limitations were nonetheless properly before the court . . . and properly addressed on the merits.").

In the Plenary Action, the state court judge determined that Xu was collaterally estopped from relitigating the issues underlying her retaliatory discharge claim under the state whistleblower law.  Because this determination of a claim addressed to the termination of Xu's employment was a ruling on the merits, the Plenary Action is entitled to res judicata effect in the current proceeding.

Third and finally, Xu argues that she was not given a "full and fair opportunity" to litigate her claims in the two state court actions because (1) her Article 78 proceeding was dismissed while genuine disputed facts remained as to the procedural propriety of her termination; (2) the Article 78 proceeding was not converted to a plenary proceeding that would have allowed a hearing or trial; (3) she is at a disadvantage as a pro se litigant; and (4) she has never been provided with

14

discovery in any of the three actions.  All of the Federal
Defendants' remaining claims are barred by the judgment entered
in the Plenary Action.  As a result, Xu's contention that she
did not have a full opportunity to present and litigate her
claims in the Article 78 proceeding would not prevent dismissal
of her claims here.  In any event, any challenge to the
propriety of the Article 78 proceeding must be presented in Xu's
appeal of the decision.  The facts that Xu has been proceeding
pro se and has not yet had the benefit of discovery do not
indicate that she did not have an adequate opportunity to
litigate her claims in state court.  Finally, the remainder of
the plaintiff's arguments have been considered and have been
found to lack merit.

CONCLUSION

The Federal Defendants' March 8 motion for judgment on the
pleadings is granted.

SO ORDERED:

Dated:    New York, New York
          August 2, 2010

                                    _____
                                            DENISE COTE
                                    United States District Judge

15

COPIES SENT TO:

Yan Ping Xu
12 Mallar Avenue
Bay Shore, NY 11706

Danielle Barrett
Assistant Corporation Counsel
New York City Law Department
100 Church Street
New York, NY 10007

Bertrand Madsen
Assistant U.S. Attorney
U.S. Attorney's Office, Southern District of N.Y.
86 Chambers Street, 3rd Floor
New York, NY 10007