UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
YAN PING XU,                             :
                          Plaintiff,     :
                                         :      08 Civ. 11339 (DLC)
             -v-                         :
                                         :          OPINION
THE CITY OF NEW YORK s/h/a THE NEW YORK  :         AND ORDER
CITY DEPARTMENT OF HEALTH AND MENTAL     :
HYGIENE, DR. JANE R. ZUCKER, DENNIS J.   :
KING, BRENDA M. MCINTYRE,                :
                          Defendants.    :
                                         :
-----------------------------------------X

Appearances:

For the plaintiff:
Yan Ping Xu, pro se
12 Mallar Avenue
Bay Shore, NY 11706

For defendants Jane R. Zucker and Dennis J. King:
Bertrand Madsen
United States Attorney's Office
86 Chambers Street, 5th Floor
New York, NY 10007

DENISE COTE, District Judge:

     The plaintiff has moved for reconsideration of the August

2, 2010 Opinion and Order granting the motion for judgment on

the pleadings filed by defendants Jane Zucker ("Zucker") and

Dennis King ("King," and together, the "Federal Defendants").

Xu v. City of New York, No. 08 Civ. 11339(DLC), 2010 WL 3060815

(S.D.N.Y. Aug. 3, 2010) ("the August 2 Opinion").[1]   For the
following reasons, the motion is granted in part.


BACKGROUND

The pro se plaintiff, Yan Ping Xu ("Xu") was employed at
the New York City Department of Health and Mental Hygiene
("DOHMH") doing data analysis and other computer database work
from June 4, 2007 to March 13, 2008, when she was fired.  On
July 14, 2008, Xu commenced an Article 78 proceeding in New York
Supreme Court, alleging that she was given a negative
performance review and was fired in retaliation for speaking out
about alleged data discrepancies in a DOHMH survey that was sent
to the Centers for Disease Control and Prevention ("CDC") over
Xu's objection.  In the proceeding, she alleged that her
employer's actions violated the state whistleblower statute, New
York Civil Service Law § 75-b ("§ 75-b").  Pursuant to § 75-b,
public employees cannot be fired

> because the employee discloses to a
> governmental body information: (i) regarding
> a violation of a law, rule or regulation
> which violation creates and presents a
> substantial and specific danger to the
> public health or safety; or (ii) which the
> employee reasonably believes to be true and
> reasonably believes constitutes an improper
> governmental action.

---

[1] Familiarity with the August 2 Opinion is assumed.

N.Y. Civ. Serv. Law § 75-b(2)(a).  In order to avail oneself of

the protections of § 75-b,

> [p]rior to disclosing information . . ., an
> employee shall have made a good faith effort
> to provide the appointing authority or his
> or her designee the information to be
> disclosed and shall provide the appointing
> authority or designee a reasonable time to
> take appropriate action unless there is
> imminent and serious danger to public health
> or safety.  For the purposes of this
> subdivision, an employee who acts pursuant
> to this paragraph shall be deemed to have
> disclosed information to a governmental body
> . . . .

Id. § 75-b(2)(b).

On January 29, 2009, the Hon. Paul G. Feinman dismissed the

Article 78 proceeding "on its merits."  Xu v. N.Y.C. Dep't of

Health, No. 109543/09, 2009 WL 222096, at *1 (N.Y. Sup. Ct. Jan.

23, 2009) (the "Article 78 Decision").  The court held that Xu

failed to state a claim for retaliation under § 75-b because she

"did not sufficiently disclose to the agency that the wrong data

were being used nor provide it time to correct the error" and

because she had failed to establish that the violation created a

substantial or specific danger to the public.  Id. at *4.

Although the court found that there were unresolved questions of

fact concerning whether Xu was a probationary employee at the

time she was fired and whether her firing was procedurally

proper, it held that her petition for relief was premature

because she had failed to exhaust her administrative remedies.

Id.  Additionally, the court denied Xu's motion to file a late
notice of claim, a prerequisite for maintaining her suit.  Id.
Xu appealed that decision on February 19, 2009.

On March 13, 2009, Xu filed a complaint in the New York
Supreme Court against the City of New York and the DOHMH (the
"Plenary Action"), alleging the same claims as she had made in
the Article 78 proceeding: that she was given a negative
performance evaluation and was fired in retaliation for speaking
out about the erroneous data.  On October 14, 2009, the Hon.
Eileen A. Rakower dismissed Xu's § 75-b claim as barred by
collateral estoppel and denied Xu's motion to amend the
complaint as futile.  Xu v. City of New York, No. 103544/09,
slip op. at 4 (N.Y. Sup. Ct. Oct. 14, 2009) (the "Plenary Action
Decision").  Xu's appeal of the Plenary Action Decision is
pending.

Meanwhile, Xu commenced this action on December 30, 2008
("the Federal Action").  In the Federal Action, Xu brings two
sets of claims against the City of New York, DOHMH, and the
three individual defendants.  The first set of claims alleges
employment discrimination based on Xu's national origin, race,
color, and gender.  The second consists of claims for
retaliation for speech and violations of due process.  The
August 2 Opinion granted the Federal Defendants' motion to
dismiss all the claims against them.  On October 4, discovery on

4

the claims against the remaining defendants (the "Municipal

Defendants") in the Federal Action was stayed pending a decision

on Xu's motion for reconsideration.

Xu's employment discrimination claims pursuant to Title VII

of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

("Title VII"); 42 U.S.C. §§ 1981, 1983, 1985(3); the Equal

Protection Clause; and under New York City and New York State

laws were dismissed for lack of subject matter jurisdiction and

failure to state a claim.  August 2 Opinion, at *2-3.  Xu's

remaining claims -- a First Amendment retaliation claim, a Due

Process Clause claim, and claims under state and local

collective bargaining and retaliation statutes (including § 75-

b) -- were dismissed on the ground that Xu was precluded from

litigating issues that had previously been resolved against her

or that she could have litigated in the two state court

proceedings.  Id. at *3-4.  Specifically, the August 2 Opinion

found that "the state court [in the Article 78 proceeding]

necessarily decided two issues essential to Xu's § 75-b claim

against her:  the disclosure to a 'governmental body,' and the

existence of a 'substantial and specific danger.'"  Id. at *3.

On that basis, Xu was barred by the doctrine of issue preclusion

from re-litigating the § 75-b claim.  The August 2 Opinion also

found that Xu could have raised her "retaliation, deprivation of

due process, and violation of the collective bargaining statute"

claims in the Plenary Action, the result being that "the

doctrine of claim preclusion bars litigation of the remaining

claims here."  Thus, all of Xu's non-discrimination claims were

dismissed on claim preclusion grounds; issue preclusion provided

an additional reason to dismiss the § 75-b claim only.

On August 3, 2010, the New York Supreme Court, Appellate

Division decided Xu's appeal of the Article 78 Decision.  Xu v.

N.Y.C. Dep't of Health, 906 N.Y.S.2d 222 (App. Div. 1st Dep't

2010) (the "Appellate Division Opinion").  The Appellate

Division remanded the Article 78 petition for three reasons.

First, the Appellate Division held that "it cannot be concluded

. . . that petitioner failed to exhaust her administrative

remedies."  Id. at 226.  Second, with respect to the § 75-b

claim, the Appellate Division held that "there is no basis for

concluding that petitioner's notification [of the data errors]

to her supervisor, who apparently then discussed the matter with

his superior . . . was insufficient" to state a claim.  The

court held that, on remand, a hearing should determine "what

other persons petitioner should have contacted, and whether her

failure to do so precluded the assertion of this lawsuit."  Id.

at 227.  Finally, based on a letter Xu sent to the Department of

Investigation advising it of her whistleblower claim within

ninety days after she was fired, the Appellate Division ordered

that the "directed hearing should also inquire into whether, at

least, the letter to the Department of Investigation gave the requisite notice" that might justify Xu's request to file a late notice of claim.  <u>Id.</u> at 229.

On August 13, Xu filed a timely motion for reconsideration of the August 2 Opinion pursuant to Fed. R. Civ. P. 59(e) and Local Rule 6.3.  Xu's principal argument is that the Appellate Division Opinion requires this Court to reconsider the August 2 Opinion's holdings regarding preclusion.  The motion was fully submitted on September 17.

DISCUSSION

The standard for reconsideration is strict.  "Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  <u>In re BDC 56 LLC</u>, 330 F.3d 111, 123 (2d Cir. 2003) (citation omitted). A motion for reconsideration is not an occasion to repeat arguments previously considered by a court and rejected.  <u>See Zoll v. Jordache Enters. Inc.</u>, No. 01 Civ. 1339(CSH), 2003 WL 1964054, at *2 (S.D.N.Y. Apr. 24, 2003) ("[Local Rule 6.3] is to be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." (citation

omitted)).  Likewise, a party moving for reconsideration may not
"advance new facts, issues, or arguments not previously
presented to the Court."  Nat'l Union Fire Ins. Co. v. Stroh
Cos., Inc., 265 F.3d 97, 115 (2d Cir. 2001) (citation omitted).
The decision to grant or deny the motion for reconsideration is
within "the sound discretion of the district court."  Aczel, 584
F.3d at 61 (citation omitted).

    I.    Reconsideration

    Xu argues that the Appellate Division Opinion requires the
Court to reconsider the August 2 Opinion's holding that she is
precluded from litigating all of her non-discrimination claims.
The August 2 Opinion relied on the Article 78 Decision's holding
that Xu had failed to state a claim under § 75-b to find that
issue preclusion barred Xu from alleging a § 75-b claim in the
Federal Action.  August 2 Opinion, 2010 WL 3060815, at *3.  Now
that the Appellate Division has reinstated the petition and
required the Article 78 court to consider, among other things,
whether Xu has stated a claim under § 75-b, that holding in the
August 2 Opinion should be vacated.

    The fact that the August 2 Opinion held that Xu
additionally was barred from bringing a § 75-b claim on claim
preclusion grounds does not require a different result.  The
Plenary Action Decision had also relied on issue preclusion to
dismiss the § 75-b claim.

Reinstating Xu's § 75-b claim does not change the preclusive effect of the Plenary Action Decision on any of her other claims. There has been no showing that any other holding in the Plenary Action Decision is likely to be overturned on appeal. Matter of Amica Mut. Ins. Co., 445 N.Y.S.2d 820, 822 (App. Div. 2d Dep't 1981). And, despite her arguments to the contrary, Xu did not establish in her submissions to this Court that preceded the August 2 Opinion that she was not provided a full and fair opportunity to litigate the Plenary Action to a final judgment. Thus, the general rule that a case on appeal is final for purposes of preclusion will be followed. See Petrella v. Siegel, 843 F.2d 87, 90 (2d Cir. 1988). Therefore, Xu is barred from asserting claims that she brought or could have brought in the Plenary Action.

The Federal Defendants argue that the Plenary Action Decision, even if erroneous, precludes Xu from litigating the § 75-b claim in the Federal Action. It is true that "[t]he policy against relitigation of adjudicated disputes is strong enough generally to bar a second action even where further investigation of the law or facts indicates that the controversy has been erroneously decided, whether due to oversight by the parties or error by the courts." Reilly v. Reid, 379 N.E.2d 172, 175 (N.Y. 1978). The policy grounds for claim preclusion, however, "if applied too rigidly," can work "considerable

injustice."  Id.  The traditional arguments in favor of finality

and repose, id., should give way because Xu has succeeded in

having the predicate Article 78 proceeding reinstated.

    II.  Staying the Federal Action

    The Federal Defendants argue that, at the very least, the

Court should abstain from hearing this case in light of Xu's

parallel state and federal proceedings.  They seek either

dismissal or a stay of the Federal Action, relying on the

abstention principles announced in Colorado River Water

Conservation Dist. v. United States, 424 U.S. 800 (1976).  "The

abstention doctrine comprises a few extraordinary and narrow

exceptions to a federal court's duty to exercise its

jurisdiction."  Woodford v. Cmty. Action Agency of Greene Cnty.,

239 F.3d 517, 522 (2d Cir. 2001) (citation omitted).  Colorado

River and its progeny "set forth the standards governing

abstention when state and federal courts exercise concurrent

jurisdiction simultaneously."  Gregory v. Daly, 243 F.3d 687,

702 (2d Cir. 2001) (citation omitted).  "These cases hold that

the mere fact that parallel proceedings are pending in state

court is insufficient to justify abdicating the 'virtually

unflagging obligation' to exercise federal jurisdiction."  Id.

(quoting Colorado River, 424 U.S. at 817).[2]

---

[2] "Federal and state proceedings are 'concurrent' or 'parallel'
for purposes of abstention when the two proceedings are

"The decision as to whether to stay a federal action on the
ground that there is a related action pending in a state court
is committed to the sound discretion of the district court."
United States v. Pikna, 880 F.2d 1578, 1582 (2d Cir. 1989).
When considering whether to grant such a stay, a federal court
should consider

> (1) whether the controversy involves a res
> over which one of the courts has assumed
> jurisdiction; (2) whether the federal forum
> is less inconvenient than the other for the
> parties; (3) whether staying or dismissing
> the federal action will avoid piecemeal
> litigation; (4) the order in which the
> actions were filed, and whether proceedings
> have advanced more in one forum than in the
> other; (5) whether federal law provides the
> rule of decision; and (6) whether the state
> procedures are adequate to protect the
> plaintiff's federal rights.

Woodford, 239 F.3d at 522 (citation omitted).  In considering
the factors, "[n]o one factor is necessarily determinative,"
Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1,
15 (1983) (quoting Colorado River, 424 U.S. at 818-19), and "the
balance is heavily weighted in favor of the exercise of

---

essentially the same; that is, there is an identity of parties,
and the issues and relief sought are the same."  Nat'l Union
Fire Ins. Co. v. Karp, 108 F.3d 17, 22 (2d Cir. 1997).  The
Federal Action is broader in scope than Xu's two state court
proceedings, in that Xu has alleged employment discrimination
claims only in federal court and has sued individual employees
in the Federal Action that are not sued in the state court
actions.  The cases are parallel, however, because every claim
in the state court actions also has been brought in the Federal
Action and because each defendant sued in the state court
actions is also sued on the same claims in the Federal Action.

jurisdiction.  Thus, the facial neutrality of a factor is a
basis for retaining jurisdiction, not for yielding it."
Woodford, 239 F.3d at 522 (citation omitted).

A stay is warranted in this case.  Staying the Federal
Action pending the resolution of Xu's appeal of the Plenary
Action and the conclusion of the reinstated Article 78
proceeding will avoid piecemeal litigation and the wasteful
duplication of efforts by multiple courts.  This factor weighs
strongly in favor of a stay.  Additionally, the timing of the
suits weighs in favor of granting the stay.  Xu commenced the
Article 78 proceeding before the Federal Action.  Although all
of the defendants filed an answer in the Federal Action, and
have not done so in the Article 78 proceeding or the Plenary
Action, the Federal Action is not more advanced than either of
the state actions.  The Appellate Division Opinion, requiring a
fact-finding hearing before the Article 78 court, represents at
least as much advancement in the state court actions as has
occurred in the Federal Action, where discovery has been
scheduled but stayed for much of 2010.  With respect to the
fifth factor, federal law does not provide the rule of decision
in any of the claims that Xu has brought in state court.
Finally, there is no question, as to the sixth factor, that
state procedures are adequate to protect Xu's federal rights
during the pendency of the stay.  The remaining factors, being

neutral, slightly favor the retention of federal jurisdiction,
but do not outweigh the benefits of a stay with respect to
avoidance of piecemeal litigation.

The remainder of Xu's arguments for reconsideration do not
show that the August 2 Opinion overlooked any factual matter or
legal argument that she had previously presented.  The August 2
Opinion considered and rejected all of the remaining arguments
Xu presents in her motion for reconsideration.

III. Section 1291(b)

To the extent that her motion for reconsideration is not
granted, Xu moves to certify an immediate appeal from the August
2 Opinion pursuant to 28 U.S.C. § 1292(b).  Section 1292(b)
provides in relevant part:

> When a district judge, in making in a civil
> action an order not otherwise appealable
> under this section, shall be of the opinion
> that such order involves a controlling
> question of law as to which there is
> substantial ground for difference of opinion
> and that an immediate appeal from the order
> may materially advance the ultimate
> termination of the litigation, he shall so
> state in writing in such order. The Court of
> Appeals which would have jurisdiction of an
> appeal of such action may thereupon, in its
> discretion, permit an appeal to be taken
> from such order, if application is made to
> it within ten days after the entry of the
> order.

28 U.S.C. § 1292(b) (emphasis supplied); Casey v. Long Island
R.R. Co., 406 F.3d 142, 146 (2d Cir. 2005).  This statute is to

be narrowly construed, as "the power to grant an interlocutory appeal must be strictly limited to the precise conditions stated in the law."  Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 25 (2d Cir. 1990) (citation omitted).  It, therefore, "continues to be true that only 'exceptional circumstances'" warrant certification.  Id. (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978)).

Xu states that the August 2 Opinion "has violated [her] federally guaranteed civil rights and there is a controlling question of law as to which there is substantial ground for difference of opinion."  Xu does not identify what controlling question of law presents a substantial ground for difference of opinion or show how certifying the appeal would advance the ultimate termination of the litigation.  To the extent she argues that there is a difference of opinion with respect to whether she may maintain a Title VII claim against an individual in his or her individual capacity, that argument is rejected for the reasons stated in the August 2 Opinion.  Xu has failed to make the showing required to justify certifying an appeal pursuant to 28 U.S.C. § 1292(b).  See Noble Shipping, Inc. v. Euro-Maritime Chartering, Ltd., No. 03 Civ. 6039(DLC), 2004 WL 741285 (S.D.N.Y.  Apr. 7, 2004).

14

CONCLUSION

Xu's August 13 motion for reconsideration is granted only to the extent that Xu is not barred from bringing a claim pursuant to § 75-b against the Federal Defendants.  The Federal Action in its entirety, including claims against the Municipal Defendants, is stayed pending the resolution of Xu's appeal of the Plenary Action and the conclusion of the reinstated Article 78 proceeding.

SO ORDERED:

Dated:    New York, New York
          December 1, 2010

                                    _____
                                          DENISE COTE
                                    United States District Judge

15