USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11-26-19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
YAN PING XU,

                Plaintiff,

    - against -

THE CITY OF NEW YORK, s/h/a THE NEW
YORK CITY DEPARTMENT OF HEALTH
AND MENTAL HYGIENE, DR. JANE
ZUCKER, DENNIS J. KING, BRENDA M.
MCINTYRE,

                Defendants.
------------------------------------------------------------X

08-cv-11339 (AT) (RWL)

**ORDER**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

By letter dated November 25, 2019, Plaintiff asks this Court to (1) schedule "my motion for sanction to defendants according to 10/1/2019 court conference", and (2) resolve Plaintiff's state court and administrative proceedings pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

    1.    As explained repeatedly at the Oct 1, 2019 conference (the "Conference"), the Court denied without prejudice Plaintiff's request to move for sanctions (based on Plaintiff's allegations of spoliation) because (i) discovery had not been completed, and (ii) Plaintiff presented no evidence providing any support to believe that the "initial evaluation" she seeks ever existed in any documentary or electronic form, let alone existed at all. *See, e.g.*, October 1, 2019 Transcript (Dkt. 234) at 52-53. Based on the last scheduling order, discovery should now be complete. However, Plaintiff still has not presented any support to provide reason to believe that any document or information reflecting the alleged initial evaluation ever existed or was spoliated. Accordingly, there is no basis for scheduling a motion for sanctions. That said, no later than December 10, 2019, Plaintiff

1

may submit a letter of no more than three pages (exhibits will not count against the three pages) identifying any specific evidence or grounds supporting Plaintiff's claim that the initial evaluation ever existed in any form and was subject to spoliation. Defendant shall file a response of no more than three pages, if any, by December 17, 2019. The Court will then determine if there are grounds for Plaintiff to move for sanctions.

Also of relevance to the issue, at the Conference, defense counsel offered, and the Court directed the defense, to obtain a supplemental affidavit regarding the availability and accessibility of backup computer data as it may relate to any relevant evaluation. (Tr. at 11-12.) The affidavit was to be provided by October 15, 2019. By December 3, 2019, Defendants shall file a letter confirming that they provided Plaintiff with the supplemental affidavit.

2. Plaintiff asks this court to enforce the decision of a New York State appellate decision, *Xu v. New York City Department of Health and Mental Hygiene*, 121 A.D.3d 559 (N.Y. 1st Dep't 2014). This Court has no power to exercise jurisdiction over the state court's decision; if Plaintiff believes that Defendants have not complied with that decision, Plaintiff may consider appropriate action in state court (*e.g.*, motion for contempt). This Court also does not have jurisdiction over the state administrative action. Plaintiff refers to but misapprehends the Court's April 9, 2019 Order (Dkt. 206). That Order merely directed the parties to submit a report providing the status of Plaintiff's state court action and administrative hearings. The Order did not direct that any action or administrative hearings take place. Accordingly, Plaintiff's request for this Court to exercise supplemental jurisdiction is denied.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: November 26, 2019
      New York, New York

Copies transmitted this date to all counsel of record and mailed to:

Yan Ping Xu
12 Mallar Ave.
Bay Shore, NY 11706