```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
YAN PING XU,

                        Plaintiff,

        -against-

THE CITY OF NEW YORK s/h/a THE NEW YORK
CITY DEPARTMENT OF HEALTH AND MENTAL
HYGIENE, BRENDA M. MCINTYRE,

                        Defendants.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __6/10/2020___

08 Civ. 11339 (AT) (RWL)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff *pro se*, Yan Ping Xu, brings this action against Defendants, the City of New York s/h/a the New York City Department of Health and Mental Hygiene, and Brenda M. McIntyre, alleging, among other things, disparate treatment and violations of procedural due process in connection with Plaintiff's firing from her position as a city research scientist. *See* Compl., ECF Nos. 260-4 & 260-5; *see also Yan Ping Xu v. City of New York*, 700 F. App'x 62, 64 (2d Cir. 2017). On December 24, 2019, Plaintiff moved, pursuant to Rule 37 of the Federal Rules of Civil Procedure, for spoliation sanctions—specifically, an order striking "all of [D]efendants' defenses." Pl. Mot. at 1, ECF No. 248. On January 13, 2020, the Honorable Robert W. Lehrburger denied Plaintiff's motion. January 13 Order, ECF No. 250. Now before the Court are Plaintiff's objections to Judge Lehrburger's order. Pl. Obj., ECF No. 253. For the reasons stated below, Plaintiff's objections are OVERRULED.

Under Federal Rule of Civil Procedure 72(a), a district judge must modify or set aside a magistrate judge's non-dispositive rulings that are clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). The Court, therefore, reviews the January 13 Order for clear error.

Plaintiff argues that Judge Lehrburger erred in denying spoliation sanctions because Defendants (1) failed to preserve files on a computer for Plaintiff's former supervisor, Dennis J. King, including a positive performance evaluation from January 2008 that Plaintiff believes existed, and (2) failed to keep track of a former employee, Michael Hansen, who the parties were unable to locate during the discovery phase of this case. *See* Pl. Obj. 1–4; *see also* Pl. Mot. ¶¶ 2, 6–10.

The Court first addresses Plaintiff's objections regarding information that may have been on King's computer. "Rule 37(e), which was significantly amended in 2015, now governs sanctions for failure to preserve" electronically stored information ("ESI"). *Karsch v. Blink Health Ltd.*, No. 17 Civ. 3880, 2019 WL 2708125, at *13 (S.D.N.Y. June 20, 2019). Rule 37(e) permits a court, "(1) upon finding prejudice to another party from loss of the information" to "order measures no greater than necessary to cure the prejudice," or "(2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may: (A) presume that the lost information was unfavorable to the party; (B) instruct the jury that it may or must presume the information was unfavorable to the party; or (C) dismiss the action or enter a default judgment." *Id.*

The Court concludes that Judge Lehrburger did not clearly err in denying Plaintiff's request, because Plaintiff has neither shown prejudice sufficient to justify a sanction as severe as striking "all of [D]efendants' defenses," nor established Defendants' intent to deprive Plaintiff of ESI for use in the litigation.  For one, Defendants dispute the existence of the positive performance evaluation, and argue that, at most, Plaintiff establishes that King had a "conversation" about Plaintiff's positive job performance, and that Plaintiff is unable to provide any evidence that, even if King's computer files had been preserved, such a performance evaluation from January 2008 existed.  Def. Opp. at 3, ECF No. 254; *see also* ECF No. 249 at 2 (arguing the same); Pl. Mot. ¶ 9 (arguing in a conclusory manner that the evaluation existed, without any additional support).  In any event, Defendants contend, that striking all of Defendants' defenses would be a "disproportionately severe sanction."  Def. Opp. at 4.  The Court agrees.  Whatever prejudice Plaintiff suffered in the loss of the information on King's computer does not warrant the severe relief Plaintiff requests.

Moreover, the Court does not find that Plaintiff has shown intent by Defendants to deprive her of ESI.  Contrary to Plaintiff's assertion, *see* Pl. Obj. at 2, negligence or gross negligence is insufficient to establish intent to deprive a party of ESI.  *See Lokai Holdings LLC v. Twin Tiger USA LLC*, No. 15 Civ. 9363, 2018 WL 1512055, at *8 (S.D.N.Y. Mar. 12, 2018) ("In the context of ESI, the 2015 amendments to Rule 37(e) explicitly rejected the *Residential Funding* standard that authorized the giving of, *e.g.*, adverse-inference instructions on a finding of negligence or gross negligence." (internal quotation marks, citation, and alterations omitted)).  As Plaintiff's request under Rule 37(e) was brought after the 2015 amendments, Plaintiff must show more than negligence.  She has not.

Second, with respect to Defendants' inability to locate Hansen, Rule 37(b) permits discovery sanctions where a party has failed to comply with a court order.  But Plaintiff provides no indication that Defendants disobeyed a court order—the Court never ordered Hansen to appear for a deposition, as Plaintiff never requested it.  *See* ECF No. 249 at 3.  Moreover, though Plaintiff's amended interrogatories contained two requests that may have required a response from Hansen, Defendants explain why any prejudice Plaintiff suffered was mitigated—namely that Hansen's supervisor provided a response to one of the two interrogatories, and, as for the second, which asked for Hansen's opinion of Plaintiff's performance evaluation, Defendants contend that the request "lack[ed] any relevance to Plaintiff's remaining claims as [Hansen] was not [Plaintiff's] supervisor nor did he complete her performance evaluation."  Def. Opp. at 4–5.  The Court, therefore, concludes that the sanctions Plaintiff requests are not warranted.  Having reviewed Judge Lehrburger's ruling for clear error, the Court finds none.

Accordingly, Plaintiff's objections are OVERRULED.  The January 13 Order is AFFIRMED.  Chambers will mail a copy of this order to Plaintiff *pro se*.

SO ORDERED.

Dated: June 10, 2020
New York, New York

_____
ANALISA TORRES
United States District Judge