UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YAN PING XU,

                Plaintiff,

-against-

THE CITY OF NEW YORK s/h/a THE NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, and BRENDA M. MCINTYRE,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __3/31/2021___

08 Civ. 11339 (AT) (RWL)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff, Yan Ping Xu, brings this employment discrimination action pursuant to 42 U.S.C. § 1983 against Defendants, the City of New York, and Brenda McIntyre, the Director of the Bureau of Human Resources, alleging violations of Plaintiff's rights under the Fourteenth Amendment to the United States Constitution, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the New York State Human Rights Law, N.Y. Exec. Law § 296 (the "NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 (the "NYCHRL"). ECF No. 277 at 1–2. On May 5, 2020, Defendants moved for summary judgment pursuant to Federal Rule of Civil Procedure 56, ECF No. 259, and Plaintiff cross-moved for partial summary judgment on her Fourteenth Amendment due process claim, ECF No. 262. On June 10, 2020, the Court referred the matter to the Honorable Robert W. Lehrburger for a report and recommendation. ECF No. 272. Before the Court is his Report and Recommendation (the "R&R"), which recommends that the Court grant Defendants' motion for summary judgment, and deny Plaintiff's motion for partial summary judgment. ECF No. 277. Plaintiff filed objections to the R&R. Pl. Obj., ECF No. 289. For the reasons stated below, the Court ADOPTS the R&R in its entirety.

# DISCUSSION[1]

I.   Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the court reviews *de novo* those portions of the report and recommendation that have been properly objected to. *Id.*; Fed. R. Civ. P. 72(b)(3). However, "when a party makes only conclusory or general objections, or simply reiterates his original arguments," the court reviews the report and recommendation strictly for clear error. *Wallace*, 2014 WL 2854631, at *1; *see also Bailey v. U.S. Citizenship & Immigration Serv.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings in the [report and recommendation] do not trigger *de novo* review."). An order is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (internal quotation marks and citation omitted).

In addition, "new arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all." *Razzoli v. Fed. Bureau of Prisons*, No. 12 Civ. 3774, 2014 WL 2440771, at *5 (S.D.N.Y. May 30, 2014). The court may adopt those portions of the report and recommendation to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo*

---

[1] The Court presumes familiarity with the facts, procedural history, and legal standards set forth in the R&R, and, therefore, does not summarize them here. *See* R&R. Plaintiff appears to generally object to the R&R's background section as "incomplete, inaccurate, and erroneous." Pl. Obj. at 1. Judge Lehrburger set out in great detail the facts and procedural history of this case. R&R at 2–33. The Court reviews this general objection for clear error, and finds none. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014).

*v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (internal quotation marks and citation omitted).

II. Additional Evidence

In addition to Plaintiff's objections, she has submitted a supplementary 56.1 statement, and a second supplementary declaration with 20 additional exhibits. See ECF Nos. 289, 289-1–289-21. However, "absent a most compelling reason, the submission of new evidence in conjunction with objections to the [r]eport and [r]ecommendation should not be permitted." *Housing Works, Inc. v. Turner*, 362 F. Supp. 2d 434, 438 (S.D.N.Y. 2005). Plaintiff has provided no compelling reasons. *See generally* Pl. Obj; ECF Nos. 294–95. Accordingly, the Court will not consider new evidence.

III. Plaintiff's Objections

Judge Lehrburger recommends that the Court grant Defendants' motion for summary judgment, and that the Court deny Plaintiff's partial motion for summary judgment on her Fourteenth Amendment claim. R&R at 2. Plaintiff objects to the dismissal of each of her claims. Pl. Obj.

A. Due Process Claim

Plaintiff argues that her Fourteenth Amendment due process claim should not be dismissed because she had a property and liberty interest in her continued employment. Pl. Obj. at 8–16. To establish a procedural due process violation, a plaintiff must demonstrate that (1) she had a constitutionally protected liberty or property interest and (2) she was deprived of that interest without the requisite process. *See Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 313 (2d Cir. 2002). "Property interests are not created by the Constitution; rather, 'they are created and their dimensions are defined by existing rules or understandings that stem from an independent

3

source such as state law." *Id*. Thus, in order to have a property interest in continued employment, a plaintiff "must have had a legitimate claim of entitlement to it." *Id*. (internal quotation marks and citation omitted). Independent sources can include statutes, regulations, collective bargaining agreements, employment contracts, rules, and policies. *See Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577–78 (1972) (statutes, rules, policies); *Ciambriello*, 292 F.3d at 314 (statutes, regulations, collective bargaining agreements); *Atterbury v. U.S. Marshals Serv.*, 805 F.3d 398, 407 (2d Cir. 2015) (employment contracts). A public employee has a legitimate claim of entitlement to continued employment "if the employee is guaranteed continued employment absent 'just cause' for discharge." *Ciambriello*, 292 F.3d at 313 (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir.1991)).

The parties agree that there is no dispute of material fact as to Plaintiff's due process claim: (1) Brenda McIntyre approved Plaintiff's firing, and (2) Plaintiff did not receive a pre-termination hearing. ECF No. 260-25 ¶¶ 99–100; ECF No. 263-2 at 1; R&R at 33. Therefore, Plaintiff's due process claim turns on whether she had a protected property interest in her continued employment that was violated when Plaintiff was denied a pre-termination hearing. Judge Lehrburger correctly found that she did not.

Judge Lehrburger determined that Plaintiff was a "permanent," non-competitive class employee, but was nevertheless not entitled to continued employment absent just cause for termination. R&R at 35–46. Plaintiff argues that her status as a "permanent" employee entitled her to continued employment, reiterating her arguments before Judge Lehrburger. *Compare* Pl. Obj. at 7–12, *with* ECF No. 264 at 2–4. Additionally, Plaintiff seemingly objects to Judge Lehrburger's reliance on *Voorhis v. Warwich Valley Central School District*, 459 N.Y.S.2d 325 (N.Y. App. Div. 1983), on the ground that it is inapplicable to her case because that plaintiff was

4

fired after five years.  Pl. Obj. at 11.  However, Judge Lehrburger correctly noted that the five-year bar was not the reason for that plaintiff's inability to satisfy N.Y. Civil Service Law § 75.  R&R at 41 n.23.  Thus, the Court reviews this objection for clear error, and finds none. *Wallace*, 2014 WL 2854631, at *1.

Next, Plaintiff objects that Judge Lehrburger failed to reference N.Y. Civil Service Law § 63.  Pl. Obj. at 11–12.  Plaintiff could have raised the applicability of this provision before Judge Lehrburger, but she did not.  *See* ECF No. 264.  Thus, this is a new argument that "cannot properly be raised for the first time in objections to the report and recommendation." *Razzoli*, 2014 WL 2440771, at *5.

Plaintiff's remaining arguments also fail.  Plaintiff contends that the collective bargaining agreement provided her with permanent employee status.  Pl. Obj. at 13.  Judge Lehrburger thoroughly considered the applicability of the collective bargaining agreement and found that it did not apply to Plaintiff because she had not served for a year, as required by the agreement. R&R at 50–51.  Specifically, she argues that "defendants' . . . statements should supplement and supersede" the one-year service requirement.  However, "extrinsic evidence . . . may not be used to alter the meaning of unambiguous terms" of a collective bargaining agreement.  *See Am. Federation of Grain Millers, AFL-CIO v. Int'l Multifoods Corp.*, 116 F.3d 976, 981 (2d Cir. 1997).  Additionally, Plaintiff objects to Judge Lehrburger's finding that she was not improperly fired without a pre-termination hearing.  Pl. Obj. at 13–14.  She contends that Judge Lehrburger "cited incompletely" *Tyson v. Hess*, 109 A.D.2d 1068, 1069 (2d Dep't 1985).  This vague objection is reviewed for clear error, and the Court finds none.  *Wallace*, 2014 WL 2854631, at *1.  Finally, Plaintiff seemingly objects to Judge Lehrburger's determination that without a property interest in her continued employment, Plaintiff had no property interest in an appeal of

her negative evaluation. Pl. Obj. 14–15; R&R at 58–59. However, Judge Lehrburger appropriately laid out the arguments from each party, *see* R&R at 58–59, and determined that under Second Circuit law, the question was irrelevant, *see Jannsen v. Condo*, 101 F.3d 14, 16 (2d Cir. 1996) ("Where there is no property interest in the employment, there can be no property interest in the procedures that follow from the employment.").

    B. Liberty Interest

Judge Lehrburger recommends that the Court reject Plaintiff's attempt to bring a due process claim based on deprivation of a liberty interest because the claim is procedurally barred due to its untimeliness. R&R at 60. First, Plaintiff objects to this recommendation on the ground that she raised this issue before the summary judgment stage. Pl. Obj. at 15–16. However, Plaintiff already made these arguments in her original brief before Judge Lehrburger. *Compare* Pl. Obj. at 15–16, *with* ECF No. 276 at 10–11 ("Xu's Third Amended Complaint pointed out the 14th Amendment principle, which included the liberty interest."). Thus, the Court reviews this objection for clear error, and finds none. *Wallace*, 2014 WL 2854631, at *1.

Next, Plaintiff contends that, contrary to Judge Lehrburger's determination, proceeding on this claim would not require lengthy discovery, and would not result in prejudice to Defendants. Pl. Obj. at 15; R&R at 62–63. However, Judge Lehrburger correctly noted that in order to make out a "stigma" under a "stigma-plus" claim, a plaintiff must show: (1) that the government made stigmatizing statements about her"; (2) that "these stigmatizing statements were made public," which can be demonstrated by showing that the stigmatizing charges are placed in the discharged employee's personnel file and are likely to be disclosed to a prospective employer; and (3) that the stigmatizing statements were made "concurrently with, or in close temporal relationship to, the plaintiff's dismissal." R&R at 60 (quoting *Segal v. City of New*

*York*, 459 F.3d 207, 212 (2d Cir. 2006); *Brandt v. Bd. of Coop. Educ. Servs.*, 820 F.2d 41, 45 (2d Cir. 1987)). The Court agrees that Defendants would be prejudiced because discovery would be necessary in order to determine whether and to what extent the performance evaluations have come up in Plaintiff's attempts to seek employment. R&R at 62–63.

Accordingly, Plaintiff's objections to Judge Lehrburger's recommendation concerning her Fourteenth Amendment due process claim are OVERRULED.

C. Discrimination Claims Under Title VII and the NYSHRL

Judge Lehrburger recommends that the Court grant summary judgment in Defendants' favor on Plaintiff's discrimination claim based on race or national origin under Title VII and the NYSHRL. R&R at 73. As an initial matter, Plaintiff contends that Judge Lehrburger used the incorrect standard when making this recommendation. Pl. Obj. at 16. The Court disagrees with Plaintiff's conclusory objection. Judge Lehrburger addressed the appropriate standard at length, *see* R&R 31–33, and the Court finds no error in his application of the standard. *Wallace*, 2014 WL 2854631, at *1.

1. Prima Facie Case of Discrimination

Judge Lehrburger found that Plaintiff failed to adduce sufficient evidence to establish a prima facie case of discrimination. Plaintiff claims that the Second Circuit already held that she established a prima facie case. Pl. Obj. at 16; *see Xu v. City of New York*, 700 F. App'x 62 (2d Cir. 2017). Plaintiff is incorrect. The Second Circuit determined that Plaintiff could potentially establish a disparate treatment prima facie case by supporting with evidence her allegations that: "(1) she and Hansen were both classified as City Research Scientist I and were therefore employed at the same occupational level"; (2) "she trained Hansen on some aspects of programming, took over some of his responsibilities, and performed work that was both

7

higher-level and higher quality than the work performed by Hansen"; (3) "she received negative feedback from Zucker and King while Hansen received positive feedback"; and (4) "Hansen was improperly tasked with supervising her." *Xu*, 700 F. App'x at 64 (internal quotation marks omitted). Plaintiff concedes that there is no evidence supporting the notion that Hansen was her supervisor. Pl. Obj. at 17. Thus, there was no clear error in Judge Lehrburger's analysis of Plaintiff's prima facie case.

Additionally, Plaintiff puts forth a new argument—that King's supervision of Plaintiff, and Hansen potentially supervising Plaintiff, violated N.Y.C. Rules of General Administration 7.5.4(c). Pl. Obj. at 17–18. However, this is a new argument that "cannot properly be raised for the first time in objections to the report and recommendation." *Razzoli*, 2014 WL 2440771, at *5.

### 2. Legitimate, Nondiscriminatory Reason

Judge Lehrburger found that even if Plaintiff had made out a prima facie case, Defendants established a legitimate, nondiscriminatory reason for her termination. R&R at 76. Plaintiff objects to Judge Lehrburger's use of "inadmissible" evidence in making this finding. Pl. Obj. at 19–20. Judge Lehrburger extensively addressed the admissibility of the challenged evidence. R&R at 65–72. At the summary judgment stage, a court cannot rely on inadmissible hearsay. *Mattera v. JP Morgan Chase Corp.*, 740 F. Supp. 2d 561, 566 n.2 (S.D.N.Y. 2010). A court can, however, rely on evidence that "will be presented in admissible form at trial." *Smith v. City of New York*, 697 F. App'x 88, 89 (2d Cir. 2017). Plaintiff states that Judge Lehrburger failed to address her point that no trial could be conducted without Hansen. Pl. Obj. at 19. However, Plaintiff is incorrect. Judge Lehrburger squarely addressed this issue, *see* R&R at 71–72, and noted that the Court has already denied her request for sanctions against Defendants

8

because they "lost" Hansen, *id*. at 72.  Moreover, he notes that Plaintiff has failed to show that Defendants had "control" over Hansen.  *Id.* (citing *Odyssey Marine Exp., Inc. v. Shipwrecked & Abandoned SS Mantola*, 425 F. Supp. 3d 287, 292–93 (S.D.N.Y. 2019)).

Next, Plaintiff objects to Judge Lehrburger's reliance on King's notes, and the affidavits of McIntyre, Zucker, and Lapaz.  Pl. Obj. at 19–23.  Plaintiff rehashes her objection that Lapaz's testimony would be inadmissible at trial.  *Compare* Pl. Obj. at 19, *with* ECF No. 264 at 18.  She also reiterates her objection that King's notes are not business records.  *Compare* Pl. Obj. at 20–21, *with* ECF No. 264 at 18.  Judge Lehrburger did not make a determination as to whether King's notes constitute business records under Federal Rule of Evidence 803(6), *see* R&R at 66–67, but determined that, in any event, the facts contained in King's notes could be presented in an admissible form at trial through King's testimony, *see id*.  Additionally, Plaintiff reiterates her argument that Zucker and McIntyre do not have personal knowledge.  *Compare* Pl. Obj. at 20, *with* ECF No. 264 at 19–20.  These objections are reviewed for clear error, and the Court finds none.  *Wallace*, 2014 WL 2854631, at *1.

Finally, Plaintiff posits for the first time that the affidavits "show a lack of trustworthiness."  Pl. Obj. at 21.  The Court will not consider this new argument.  *See Razzoli*, 2014 WL 2440771, at *5.  Regardless, as Judge Lehrburger correctly noted, these affidavits could readily be reduced to admissible form at trial through the testimony of Defendants, and thus, he did not err in considering them when making his recommendation.  *See Smith*, 697 F. App'x at 89; R&R at 69–70.

   3. Pretext

Judge Lehrburger found that Plaintiff was unable to meet the minimal burden of showing pretext.  R&R at 77; *Cronin v. Aetna Life Ins. Co*., 46 F.3d 196, 203 (2d Cir. 1995).  Plaintiff's

9

objections to this determination rehash her previous arguments before Judge Lehrburger. *Compare* Pl. Obj. 23–25 (discussing Plaintiff's strong technological skills, positive performance evaluations, and Hansen's performance), *with* ECF No. 264 at 20–22 (discussing skills and positive performance evaluations), *and* ECF No. 276 at 3–4 (discussing Hansen's performance). As Judge Lehrburger noted, there is no evidence in the record, other than Plaintiff's "gut feeling," that she was discriminated against based on her national origin and gender. R&R at 78. Plaintiff testified that she could not remember anyone making comments about her race, national origin, or gender. *Id.* (citing Plaintiff's deposition transcript). Moreover, Plaintiff's evidence concerning her positive performance are not inconsistent with Defendants' legitimate, nondiscriminatory reason for her termination. *See Rubinow v. Boehringer Ingelheim Pharm., Inc.*, 496 F. App'x 117, 119 (2d Cir. 2012); *Browne v. CNN Am., Inc.*, 229 F.3d 1135, at *2 (2d Cir. 2000). Thus, the Court finds no clear error.

Plaintiff objects to Judge Lehrburger's recommendation that the Court dismiss her claims under the NYSHRL, on the ground that Judge Lehrburger failed to independently consider her claims under this law. Pl. Obj. at 25. However, as Judge Lehrburger correctly noted, claims under Title VII and the NYSHRL are analyzed under the same burden-shifting framework. *Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010); R&R at 74. Accordingly, the Court finds no clear error.

D. Discrimination Claim Under the NYCHRL

Similarly, Plaintiff objects that Judge Lehrburger failed to analyze her claims under the NYCHRL. Pl. Obj. at 25. Plaintiff is incorrect. *See* R&R at 80.

Accordingly, Plaintiff's objections to Judge Lehrburger's recommendation that the Court grant Defendants' motion for summary judgment on her discrimination claims are OVERRULED.

## CONCLUSION

The Court has reviewed the remainder of the R&R for clear error.[2] For the reasons stated above, the Court ADOPTS the R&R in its entirety. The Clerk of Court is directed to terminate the motions at ECF Nos. 259 and 262 and to close the case. The Clerk of Court is further directed to mail a copy of this order to Plaintiff *pro se*.

SO ORDERED.

Dated: March 31, 2021
New York, New York

_____
ANALISA TORRES
United States District Judge

---

[2] To the extent not discussed above, the Court finds no clear error in the unchallenged portions of the R&R.