UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YAN PING XU,

                Plaintiff,

-against-

THE CITY OF NEW YORK s/h/a THE
NEW YORK CITY DEPARTMENT OF
HEALTH AND MENTAL HYGIENE,
and BRENDA M. MCINTYRE,

                Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  5/13/2022
```

08 Civ. 11339 (AT) (RWL)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff, Yan Ping Xu, brings this employment discrimination action pursuant to 42 U.S.C. § 1983, against Defendants, the City of New York, and Brenda McIntyre, the Director of the Bureau of Human Resources, alleging violations of Plaintiff's rights under the Fourteenth Amendment to the United States Constitution, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the New York State Human Rights Law, N.Y. Exec. Law § 296 (the "NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 (the "NYCHRL").  The parties cross-moved for summary judgment, ECF Nos. 259, 262, and the Court referred the motions to the Honorable Robert W. Lehrburger for a report and recommendation.  ECF No. 272.  On March 31, 2021, the Court issued an order adopting Judge Lehrburger's Report and Recommendation ("the R&R"), ECF No. 277, in full, overruling Plaintiff's objections to the R&R, granting Defendant's motion for summary judgment, and denying Plaintiff's motion for partial summary judgment.  Order, ECF No. 297.  Plaintiff now moves for reconsideration of the Order.  ECF Nos. 298, 299.  For the reasons stated below, the motion is DENIED.

# DISCUSSION[1]

I. <u>Legal Standard</u>

Local Civil Rule 6.3 provides that "a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion," and shall set forth "the matters or controlling decisions which counsel believes the Court has overlooked." A motion for reconsideration is "committed to the sound discretion of the district court," *Immigrant Def. Project v. U.S. Immigr. and Customs Enf't*, No. 14 Civ. 6117, 2017 WL 2126839, at *1 (S.D.N.Y. May 16, 2017) (citation omitted), and should be granted only when the movant identifies "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted). Thus, "to be entitled to . . . reconsideration, the movant must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." *Dietrich v. Bauer*, 198 F.R.D. 397, 399 (S.D.N.Y. 2001). The movant must also demonstrate that the controlling law or factual matters "might reasonably be expected to alter the [C]ourt's decision." *Montanile v. Nat'l Broad. Co.*, 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002). A motion for reconsideration is not, however, a "vehicle for relitigating issues already decided by the Court." *See Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001).

II. <u>Analysis</u>

Plaintiff points to no changes in controlling law, new evidence, or clear error in the Order. Plaintiff argues only that the Court should have reviewed the R&R in its entirety on a *de*

---

[1] The Court assumes familiarity with the facts and procedural history of this action as set forth in the Order and the R&R, and, therefore, does not summarize them here. *See generally* R&R at 1-31.

2

*novo* basis because "it is well settled" that courts review summary judgment motions *de novo*. Pl. Mem. at 1, ECF No. 298. Plaintiff argues, moreover, that she "made specific objections to [the] R&R," although she provides no examples of such objections. *Id.* Nor does Plaintiff cite any authority to support her assertions. *See generally id.*

As explained in the Order, the Court is only required to review on a *de novo* basis those portions of the R&R to which Plaintiff has made specific objections. Order at 2; *see also Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014). The Court is not required to review the entirety of the R&R on a *de novo* basis merely because it resolves a motion for summary judgment.

The Court reviewed each of Plaintiff's numerous objections closely. *See generally* Order. Several of Plaintiff's objections merely reiterated arguments Plaintiff raised before Judge Lehrburger. *See* Order at 4, 6, 9. The Court is only obligated to review such objections for clear error, because to do otherwise "would reduce the magistrate's work to something akin to a meaningless dress rehearsal." *Vega v. Artuz*, No. 97 Civ. 3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (quotation marks and citation omitted). The Order also found that other objections raised entirely new arguments, *see* Order at 5, 8, 9, and it is well established that new arguments may not properly be raised for the first time in objections to a report and recommendation, *see, e.g.*, *Razzoli v. Fed. Bur. of Prisons*, No. 12 Civ. 3774, 2014 WL 2440771, at *5 (S.D.N.Y. May 30, 2014). And finally, the Court concluded that a number of Plaintiff's objections were too vague or conclusory to merit *de novo* review, such as assertions that Judge Lehrburger "cited [a case] incompletely," or applied an incorrect legal standard, with no specific deficiencies identified. Order at 5, 7.

Plaintiff has not, therefore, met the high threshold warranting reconsideration of the Order, and accordingly, her motion for reconsideration is DENIED.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for reconsideration is DENIED. The Clerk of Court is directed to terminate the motions pending at ECF Nos. 298 and 299.

SO ORDERED.

Dated: May 13, 2022
      New York, New York

_____
ANALISA TORRES
United States District Judge